UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION


FILED
JAN 05 2015

| | |
|---|---|
| M.N., A MINOR, BY ELAINE NIEMAN, GUARDIAN; AND ELAINE NIEMAN, INDIVIDUALLY; <br><br> Plaintiffs, <br><br> vs. <br><br> SMITHKLINE BEECHAM CORPORATION, <br><br> Defendant. | 1:13-CV-01022-CBK <br><br><br> ORDER |

Plaintiff Elaine Nieman was prescribed Paxil by her family physician. Paxil was manufactured by defendant SmithKline Beecham Corporation. When Elaine became pregnant in approximately August 2001, she was referred to an obstetrician because her medical conditions made her pregnancy high risk.

Plaintiff M.N. was born prematurely by cesarean section on March 13, 2002. She was born with atrial septal and ventricular septal defects, allegedly caused by Elaine's ingestion of Paxil during the pregnancy. M.N. is treated by a pediatric cardiologist. Plaintiffs and their physicians all reside in South Dakota.

Plaintiffs filed their Paxil products liability action in the Philadelphia Court of Common Pleas on June 8, 2011. Pursuant to the Philadelphia State Court Mass Tort Program ("MTP"), the action was commenced by the filing of a civil action short-form complaint in the Paxil Pregnancy Cases MTP.

Defendant removed eight previously filed Paxil MTP cases from Pennsylvania state court to the United States District Court for the Eastern District of Pennsylvania, claiming the defendant was a citizen of Delaware. Plaintiffs in those cases moved to remand. U.S. District Judge Timothy J. Savage issued an opinion on March 24, 2011, wherein he determined that defendant was a resident of Pennsylvania, precluding

defendant from removing the case to federal court, *see* 28 U.S.C. § 441(b)(2), and remanded the cases back to Pennsylvania state court. Brewer v. SmithKline Beacham Corp., 774 F.Supp.2d 720, 732 (E.D. PA. 2011).

Defendant thereafter removed 27 additional Paxil MTP cases, including this case (filed as 11-4458 in the Eastern District of Pennsylvania), from Pennsylvania state court to the Eastern District of Pennsylvania, arguing that Judge Savage wrongly decided Brewer. The MTP plaintiffs filed a motion for remand. In a December 12, 2011, decision, Judge Savage rejected defendant's renewed contention that it was a resident of Delaware for diversity jurisdiction purposes and granted the plaintiffs' motions to remand back to Pennsylvania state court. Maldanado v. SmithKline Beecham Corp., 841 F.Supp.2d 890, 897 (E.D. PA. 2011). Judge Savage issued an identical opinion on December 14, 2011, in nine other Paxil MTP cases, remanding them back to Pennsylvania state court. Patton v. SmithKline Beecham Corp., 2011 WL 6210724 (E.D. PA 2011).

This particular case proceeded through discovery in Pennsylvania state court and an order setting the case for trial was entered. On June 26, 2013, defendant again removed this action to federal district court on the basis of diversity, based upon the United States Court of Appeals for the Third Circuit's decision in Johnson v. SmithKline Beecham Copr., 724 F.3d 337 (3rd Cir. June 7, 2013).

In Johnson, the Third Circuit granted interlocutory appeal to settle the disagreement in the Eastern District of Pennsylvania as to the citizenship of the GlaxoSmithKline entities. As the Third Circuit noted, "[t]o date, six judges from the Eastern District of Pennsylvania have ruled on the issue of the GSK Defendants' citizenship. Four of them concluded that GSK Holdings and GSK LLC are Pennsylvania citizens and thus granted motions for remand due to lack of diversity. Two others, including the District Judge in this case, reached the opposite conclusion." Johnson v. SmithKline Beecham Corp., 724 F.3d at 344 (internal citations omitted). Johnson was a thalidomide products liability action. The Third Circuit outlined the conversion of SmithKline Beecham from a Pennsylvania corporation into GlaxoSmithKline, a

2

Delaware limited liability company, and the subsequent dissolution of SmithKline Beecham in 2009. *Id.* At 341. The Third Circuit held:

> That company – GSK LLC – has stepped into SmithKline Beecham's shoes, and, under Delaware law, all of SmithKline Beecham's 'debts, liabilities and duties' now lie with GSK LLC. SmithKline Beecham thus has no actual interest in the outcome of the litigation, making it a 'nominal party.' Therefore, although SmithKline Beecham may technically still be a Pennsylvania citizen, we must disregard its citizenship for purposes of establishing diversity jurisdiction.

Johnson v. SmithKline Beecham Corp. 724 F.3d at 359.

Plaintiffs filed a motion to remand this case back to Pennsylvania state court and that motion was denied without a memorandum opinion on August 7, 2013, by Ronald L. Buckwalter, United States District Judge for the Eastern District of Pennsylvania. Plaintiffs sought interlocutory review and that motion was denied. Defendant filed a motion to transfer venue to the District of South Dakota where the plaintiffs and their doctors reside and that motion was granted on October 9, 2013.

Plaintiffs have now filed a renewed motion to transfer this case back to the Pennsylvania Court of Common Pleas MPT on the grounds that the Third Circuit ruled, on October 9, 2014, in A.S. *ex rel* Miller v. SmithKline Beecham Corp., 769 F.3d 204 (3rd. Cir. 2014), that the defendant untimely removed other Paxil cases to federal court. Plaintiffs contend that the second removal of this case was, under the teaching of Miller, also untimely and the Pennsylvania District Court thus did not have subject matter jurisdiction to transfer this case to United States District Court in South Dakota.

Miller was one of the original cases removed the first time and remanded back to Pennsylvania state court by Judge Savage in the Patton opinion. Miller was removed to federal court a second time on June 26, 2013, the same date the present case was removed a second time. The Miller case was assigned to Judge McLaughlin who denied the plaintiffs' motion to remand on the basis that the Third Circuit had held in Johnson that the real defendant was a citizen of Delaware. Judge McLaughlin concluded "that the case was initially removable and that the defendant's second removal notice was simply a

3

way of effectuating the timely and proper first removal." A.S. *ex rel* Miller v. SmithKline Beecham Corp., Civ. No. 13-3684, Doc. 15 (E.D. PA August 16, 2013). The case was thereafter transferred to the Middle District of Pennsylvania. The Middle District of Pennsylvania, in CIV 13-2382, certified the case for interlocutory appeal.

The Third Circuit noted that its 2013 decision in Johnson v. SmithKline Beecham Corp., which held SmithKline Beecham Corp. was a resident of Delaware, explicitly rejected the Pennsylvania District Court opinions in Patton, Maldonado, and Brewer. A.S. *ex rel* Miller v. SmithKline Beecham Corp., 769 F.3d at 207. The Third Circuit also noted that, after Johnson, SmithKline Beecham re-removed a number of cases, including this case, which yielded inconsistent rulings on motions to remand. A.S. *ex rel* Miller v. SmithKline Beecham Corp., 769 F.3d at 207.

A.S. *ex rel* Miller v. SmithKline Beecham Corp. held that, as to the case before it, the second removal was untimely under 28 U.S.C. § 1446(b) because the decision in Johnson did not qualify as an amended order from which it may first be ascertained that the case is or has become removable. *Id.* At 209-11. The Third Circuit thus reversed the district court's order denying the motion to remand and the Eastern District of Pennsylvania thereafter vacated its order and remanded the case back to state court.

Plaintiffs assert that the decision in A.S. *ex rel* Miller v. SmithKline Beecham Corp. requires the same action in this case. It does not. First, plaintiffs' motion for interlocutory appeal of the order denying remand in the Eastern District of Pennsylvania was denied and plaintiffs did not move for interlocutory appeal in this case after it was transferred to the District of South Dakota. There is thus no basis to overturn the Eastern District of Pennsylvania's order denying remand.

Second, although 28 U.S.C. § 1447(c) authorizes a motion to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction," this Court does not lack subject matter jurisdiction. Complete diversity exists between the parties and the amount in controversy requirement is satisfied. Plaintiffs' motion to remand is thus untimely.

4

Plaintiffs are correct that, although the Third Circuit ruled in other SmithKline Beecham cases that SmithKline Beecham is a resident of Delaware for the purpose of determining diversity jurisdiction, the second removal of this action to Pennsylvania District Court was untimely, based upon the Third Circuit's decision in Miller. The order denying remand thus now appears to have been erroneous. Plaintiffs are also correct that this Court is not bound by any prior district court order issued by itself or another district court judge in this case. Nonetheless, plaintiffs have not presented a viable basis for granting their motion to remand. It now appears, based upon appellate case law in another case, that this matter should have been remanded after the second removal – not because federal jurisdiction was lacking but because the second removal was untimely. The plaintiffs' attempted appeal of the order denying remand was denied. The Third Circuit's decision reversing denial of remand in another case has no effect on the order denying remand in this case. The Third Circuit was well aware of the many Paxil MTP cases that were removed and the differing opinions of the district judges in the Eastern District of Pennsylvania either granting or denying remand. Even so, the Third Circuit did not issue a blanket order that all Paxil MTP cases untimely removed a second time should be reversed and remanded. The Miller opinion only applies in the Miller case.

Now, therefore,

IT IS ORDERED that the plaintiffs' motion, Doc. 56, to remand is denied.

DATED this 5th day of January, 2015.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

5