

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| M.N., A MINOR, BY ELAINE NIEMAN, GUARDIAN; AND ELAINE NIEMAN, INDIVIDUALLY;<br><br>Plaintiffs,<br><br>vs.<br><br>SMITHKLINE BEECHAM CORPORATION,<br><br>Defendant. | 1:13-CV-01022-CBK<br><br><br>ORDER |

    This case was originally filed in the Philadelphia Court of Common Pleas as part of the Philadelphia State Court Mass Tort Program ("MTP") Paxil Pregnancy litigation. It now appears that this case and others were not timely removed (on the basis of diversity of citizenship) to federal district court in Pennsylvania. Plaintiffs in the other cases continued to litigate whether the cases were wrongfully removed and whether various federal judges had wrongly denied remand.

    The United States Court of Appeals for the Third Circuit ruled, on October 9, 2014, in A.S. *ex rel* Miller v. SmithKline Beecham Corp., 769 F.3d 204 (3rd Cir. 2014), that the defendant had not timely removed other Paxil cases to federal court, thus depriving the federal court of jurisdiction. Since that time, a significant number of the other Paxil Pregnancy cases that had been not timely removed have been remanded to the MTP.

    Plaintiffs previously moved in federal court in Pennsylvania to remand the present case to the MTP court. That motion was denied (Doc. 56) and the federal district court then transferred the present case to the District of South Dakota.

Plaintiffs then filed a motion (Doc. 56), asking this court to remand to the MTP court. I denied that motion on January 5, 2015, (Doc. 63) (setting forth the rather tortured history of this case).

Plaintiffs since, on January 23, 2015, filed a motion to transfer venue back to the United States District Court for the Eastern District of Pennsylvania (Doc. 64), pursuant to 28 U.S.C. § 1404(a). Plaintiffs also asked for "reconsideration" of my Order of January 5, 2015, asking me to order remand (Doc. 66). In the alternative, plaintiffs asked me to certify Doc. 63 for an intermediate appeal. The United States Court of Appeals for the Eighth Circuit is no fan of intermediate appeals, despite district court certifications. I share the concerns of the appellate court as to intermediate appeals.

As the parties all recognize, I have not been a fan of motions to reconsider. I cannot recall a case in which I have granted such a motion in the nearly twenty years I have been a federal judge.

I have carefully read and considered all the filings made by all parties in connection with the pending motions. I have also considered the Order entered by Chief Judge Michael Davis in the case before him in the District of Minnesota, Guddeck v. SmithKline Beecham, CIV. 12-02598 (MJD/LIB). Judge Davis had earlier adopted the report and recommendation of a magistrate judge to deny remand. I agree with the discussions of applicable law as set forth by Judge Davis in his very recent Order. He agreed to reconsider his previous Order denying remand. He cited Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413, as supporting motions for reconsideration when circumstances justify it. It has always been my opinion that the "law of the case doctrine" has very little application at the District Court level. A trial court judge should, in my opinion, always be able to correct or change previous rulings when the previous ruling was not a final order. That is far different than failing to follow appellate court rulings. Having said that, I find in the exercise of my discretion that extraordinary circumstances exist here to allow reconsideration.

I agree also with Judge Davis that A.S. v. SmithKline Beecham Corp., 769 F.3d 204 (3rd Cir. 2014), is a case providing some guidance, given that such case is a substantively and procedurally related case to the case before me.

On March 5, 2015, Judge Davis ordered that the Minnesota case should be remanded to the Court of Common Pleas of Philadelphia County.

It seems to me that it makes no sense to transfer venue back to the federal district court from which the case came to me. I do not want to present what could be construed as an "in your face" ruling to one of my colleagues. The motion to transfer venue should be denied.

In Doc. 63, I stated that plaintiffs "have not presented a viable basis for granting their motion to remand." The plaintiffs have now done so in Doc. 66. I believe I made a decision not to remand which decision was not in the interests of justice. I have now reconsidered and find that the interests of justice and the factual record now require a remand to the MTP. I made a mistake earlier and I will now correct it. Now, therefore,

IT IS ORDERED, as follows:

1) The motion (Doc. 66) for reconsideration of my order of January 5, 2015, denying remand is granted.

2) My earlier Order (Doc. 63) is vacated.

3) The motion (Doc. 56) for remand is granted and this case is remanded to the Philadelphia Court of Common Pleas Paxil Pregnancy MTP.

4) The motion for change of venue (Doc. 64) is denied as moot.

5) The motion to amend my Order of January 5, 2015, and certify this matter for interlocutory review is denied as moot.

Dated this 17th day of March, 2015.

BY THE COURT:

*/s/ Charles B. Kornmann*
CHARLES B. KORNMANN
UNITED STATES DISTRICT JUDGE